IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER R. YORK                                                  PLAINTIFF

v.                               Civil No. 6:21-CV-06078

HINDERSON and CORPORAL BEARD                           DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1] Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on May 6, 2021. (ECF No. 1). Because Plaintiff had not included a signature page with his Complaint, the Court entered an order directing Plaintiff to sign and date his Complaint. (ECF No. 6). Plaintiff did so on May 20, 2021. (ECF No. 7).

Plaintiff alleges that both Defendants slandered him and defamed his character in March 2019, while he was incarcerated in the Arkansas Division of Correction Ouachita River Unit. (ECF No. 7). He alleges that they did so by calling him names which accused him of being a homosexual

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

and also called him a "punk." (*Id*. at 4-7). Plaintiff alleges this caused him to suffer emotional harm. (*Id*.).

Plaintiff proceeds against both Defendants in their official and individual capacity. (*Id*.). He seeks compensatory damages. (*Id*. at 9).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff's claims are subject to dismissal. The essential elements of a § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009). To state a claim, plaintiff must establish that each defendant

"personally violated plaintiff's constitutional rights" *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014)(citation omitted).

Allegations of slander, defamation, and humiliation do not state constitutional violations. "[D]efamation, *per se*, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976). In other words, the " Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 400 (3d Cir. 2000).

Similarly, "[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). Taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension in the prison setting. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983).

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 7) be DISMISSED WITOUT PREJUDICE. As this dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act, it is also recommended that the Clerk be directed to enter a § 1915(g) strike flag on this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **11th day of August 2021**.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE